UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSE ERNESTO BARNADA-HORTA,

          Petitioner,

v.

KEVIN RAYCRAFT et al.,

          Respondents.

_____/

Case No. 1:26-cv-1023

Honorable Paul L. Maloney

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Facility in Battle Creek, Calhoun County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny without prejudice Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.17; Br. Supp. Pet., ECF No. 4, PageID.47.)

In an order entered on April 1, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 3.) Respondents filed their response on April 9, 2026, (ECF No. 9), and Petitioner filed his reply on April 13, 2026, (ECF No. 10).

**II.      Factual Background**

Petitioner is a native and citizen of Cuba. (Pet., ECF No. 1, PageID.2; Walker Decl. ¶ 4, ECF No. 9-1, PageID.66.) On or about March 13, 2019, Petitioner first entered the United States without inspection. (Pet., ECF No. 1, PageID.9; Walker Decl. ¶ 5, ECF No. 9-1, PageID.66.) Department of Homeland Security (DHS) agents encountered Petitioner and issued him a Form I-860, Notice to Appear (NTA), charging Petitioner with inadmissibility under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner was an immigrant "not in possession of a valid unexpired[] immigrant visa, reentry permit, border crossing card, or other valid entry document required by the INA." (Walker Decl. ¶ 5, ECF No. 9-1, PageID.66–67.) On July 29, 2019, the El Paso, Texas, Immigration Court denied Petitioner's application for asylum and ordered him removed to Cuba. (*Id*. ¶ 7, PageID.67.) On August 29, 2019, Petitioner was removed from the United States to Cuba. (*Id*. ¶ 8, PageID.67; Pet., ECF No. 1, PageID.9.)

On or about September 8, 2022, Petitioner re-entered the United States and encountered DHS agents near Eagle Pass, Texas. (Pet., ECF No. 1, PageID.9; Walker Decl.¶ 9, ECF No. 9-1, PageID.68.) DHS took Petitioner into custody and issued Petitioner a Form I-871, Notice of Intent/Decision to Reinstate Prior Order, reinstating the 2019 order of removal. (2022 Form I-871, ECF No. 9-3, PageID.76; Walker Decl.¶ 9, ECF No. 9-1, PageID.68.) Petitioner expressed a fear of return to Cuba. (Pet., ECF No. 1, PageID.9.) On September 10, 2022, ICE issued Petitioner "a Form I-220B, Order of Supervision[,] and released him from custody." (Walker Decl.¶ 10, ECF No. 9-1, PageID.68.) On February 2, 2025, Petitioner filed another application for asylum. (*Id*. ¶ 11, PageID.68.)

2

On June 4, 2025, Petitioner was arrested and detained by ICE in Grand Rapids, and his Order of Supervision was revoked. (*Id.* ¶ 12, PageID.68; Notice of Revocation of Release, ECF No. 9-4, PageID.78.) On July 14, 2025, United States Citizenship and Immigration Services (USCIS) dismissed Petitioner's asylum application, determined that Petitioner had a reasonable fear of persecution or torture if returned to Cuba, and placed Petitioner in withholding-only proceedings. (Notice of Dismissal of Form I-589, ECF No. 1-1, PageID.20–23; Walker Decl. ¶¶ 14–15, ECF No. 9-1, PageID.69.)

On September 2, 2025, ICE Enforcement and Removal Operations (ERO) conducted a "90-Day Post Order Custody Review," and determined that Petitioner would not be released from detention at that time because "removal to Cuba was likely in the reasonably foreseeable future once Withholding Only Proceedings concluded." (Decision to Continue Detention, ECF No. 1-2, PageID.21; Walker Decl. ¶ 16, ECF No. 9-1, PageID.69.) On December 23, 2025, ICE ERO was informed that "the Government of Cuba approved [Petitioner]'s repatriation. (Walker Decl. ¶ 17, ECF No. 9-1, PageID.69.) On March 10, 2026, ICE ERO was informed that Petitioner "could be removed to Cuba on the March 19, 2026, ICE Air Operations mission if his removal order was executable." (*Id.* ¶ 18, PageID.69.) However, Petitioner "was not removed as Withholding[-]Only proceedings were still active." (*Id.*, ¶ 18, PageID.69–70.)

On March 12, 2026, the Detroit Immigration Court denied Petitioner's application for withholding of removal and ordered him removed to Cuba. (Order of the Immigration Judge, ECF No. 9-5, PageID.81.) In a declaration filed by Respondents, Deportation Officer Ericka Walker explained:

> On March 19, 2026, ICE ERO Headquarters again advised ERO Detroit that the Government of Cuba approved [Petitioner]'s repatriation and that he could be removed to Cuba on the April 6, 2026 ICE Air Operations mission if his removal order was executable. However, due to the pending appeal period, ERO Detroit was

unable to remove him to Cuba at that time…. If [Petitioner] does not file a timely appeal[,] he will be removed on the next available ICE Air Operation mission to Cuba.

(Walker Decl. ¶¶ 20–21, ECF No. 9-1, PageID.70.)

On April 7, 2026, Petitioner filed an appeal with the Board of Immigration Appeals (BIA) that remains pending. *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter 201-671-151 for the A-Number, select "Cuba" for the Nationality, and select Submit) (last visited Apr. 30, 2026).

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Exhaustion

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-

cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

**V.      Merits Discussion**

The parties agree that 8 U.S.C. § 1231 applies to Petitioner's detention because he is subject to a reinstated order of removal. (*See* Pet., ECF No. 1, PageID.5; Resp, ECF No. 9, PageID.58.) Petitioner argues his detention violates § 1231, as interpreted by *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), because there is no significant likelihood of Petitioner's removal to Cuba in the reasonably foreseeable future. Petitioner also argues that his detention without an individualized hearing violates the Fifth Amendment's Due Process Clause.

Section 1231 governs the detention of immigrants subject to reinstated orders of removal, "meaning those aliens are not entitled to a bond hearing while they pursue withholding of removal." *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021). "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). "The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B). "[R]einstated removal orders are 'administratively final.'" *Guzman Chavez*, 594 U.S. at 534 (2021).

After the 90-day removal period has expired, a noncitizen may continue to be detained. *See* 8 U.S.C. § 1231(a)(6). The Supreme Court has held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen "for a presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *Zadvydas*, 533 U.S. at 701 (2001). After the six-month period, if the noncitizen "provides good reason to believe that

5

there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*.

The only exception to removal after reinstatement of a prior order is if the noncitizen requests withholding of removal "by expressing a fear of returning to the country designated in that order." *See* 8 C.F.R. § 241.8(e). In such a case, the noncitizen "shall be immediately referred to an asylum officer for an interview to determine whether the alien has a reasonable fear of persecution or torture pursuant to § 208.31 of this chapter." *Id.*

Here, Petitioner's order of removal became final on July 29, 2019, and the 90-day removal period following the order expired well before Petitioner filed the present action. *See* 8 U.S.C. § 1231(a)(1)(B). As described above, Petitioner expressed a fear of returning to Cuba, an Immigration Judge denied Petitioner's application for withholding of removal, and Petitioner's appeal to the BIA of this decision remains pending. The pendency of withholding-only proceedings does not affect the validity of a removal order. *Guzman Chavez*, 594 U.S. at 539–540 ("[T]he finality of the order of removal does not depend in any way on the outcome of the withholding-only proceedings."); *see also Riley v. Bondi*, 606 U.S. 259, 269 (2025). If Petitioner is granted withholding-only relief in his appeal to the BIA, he may not be removed to Cuba, but he may be removed to another country. *Guzman Chavez*, 594 U.S. at 537. While Petitioner is not entitled to a bond hearing while he pursues withholding of removal, *Guzman Chavez*, 594 U.S. at 526, he cannot be detained under § 1231 indefinitely.

Petitioner has now been detained for ten months, well beyond the six-month presumptively reasonable period of detention following a final order of removal as established in *Zadvydas*, 533 U.S. at 701, and argues that there is no significant likelihood of removal in the reasonably foreseeable future because Cuba does not accept many repatriation flights. Indeed, Cuba is

6

considered a recalcitrant country by DHS because Cuba is known to refuse or delay repatriation of their citizens. *See* Habeas Corpus for Detained Immigrants, Mandamus Lawyers, https://mandamuslawyers.com/habeas-corpus-for-detained-immigrants-complete-legal-guide/ (last visited Apr. 30, 2026). Thus, Petitioner has presented evidence suggesting there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and Respondents must respond with evidence sufficient to rebut that showing. *See Zadvydas*, 533 U.S. at 701 (2001).

Respondents provide the declaration of ICE Deportation Officer Ericka Walker to rebut Petitioner's evidence. Officer Walker states that Cuba approved Petitioner's repatriation on or about December 23, 2025. (Walker Decl. ¶ 17, ECF No. 9-1, PageID.69.) On March 10, 2026, ICE ERO was informed that Petitioner "could be removed to Cuba on the March 19, 2026, ICE Air Operations mission if his removal order was executable." (*Id*. ¶ 18, PageID.69.) However, Petitioner "was not removed as Withholding[-]Only proceedings were still active." (*Id*., ¶ 18, PageID.69–70.)

Petitioner appealed the denial of withholding-only relief on April 7, 2026, thus proceedings are still active, and Respondents indicate Petitioner will not be removed while withholding-only proceedings are ongoing. However, Respondents have provided evidence sufficient to rebut Petitioner's showing that there is no significant likelihood of removal in the foreseeable future. Respondents have received approval from Cuba for Petitioner's repatriation to the country. Thus, if Petitioner's withholding-only appeal is denied, it is significantly likely that he will be removed to Cuba in the reasonably foreseeable future. Furthermore, Petitioner was deported to Cuba in 2019. Thus, at this point in time, nothing in the record indicates that Petitioner is in a state of "indefinite, perhaps permanent, detention" that the Court in *Zadvydas* said would violate the

constitution. *Zadvydas*, 533 U.S. at 699; *see also Martinez v. Larose*, 968 F.3d 555, 565 (6th Cir. 2020) (holding that a detention of over two years was constitutionally permissible because the removal was likely to occur once Petitioner's appeals were concluded).

If Petitioner's withholding-only appeal is granted, DHS will have to find another country to remove Petitioner to. The Court recognizes that continued detention may, over time, come to resemble the kind of indefinite confinement that *Zadvydas* may not permit. "[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely [has] to shrink." *Zadvydas*, 533 U.S. at 701. Courts applying this principle recognize that even where the Government continues to pursue removal in good faith, the passage of time can eventually erode the reasonableness of continued detention. *See Martinez*, 968 F.3d at 565 (explaining that prolonged detention may become unreasonable if the petitioner later demonstrates that removal is no longer likely).

Here, however, the Court is not yet faced with that situation. The Court recognizes that Petitioner's ten-month detention is lengthy, but at this point, Respondents are actively pursuing removal, and removal remains significantly likely in the reasonably foreseeable future. Accordingly, Petitioner's § 2241 petition will be denied without prejudice. Should Respondents' efforts to secure removal stall, Petitioner may file a new petition asserting that continued detention is no longer reasonable.

## <u>Conclusion</u>

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:  May 8, 2026                              /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge